UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RALPH A. VANZANT, et al.               CASE NO. 1:04cv484

        Plaintiffs                      Judge Barrett

-vs-

DAIMLER CHRYSLER
CORPORATION, et al.

        Defendants

**ORDER**

Defendants filed a motion to strike an affidavit filed in support of Plaintiffs' response to summary judgment (Doc. 53) alleging that the Affidavit of Plaintiffs' expert, Bryon Bloch, is an opinion submitted in violation of Rule 26 F.R.C.P. as it does not conform to the Court's Amended Scheduling Order, improperly uses materials of Defendants' experts and offers a different expert opinion not contained in his previously disclosed reports. Plaintiffs counter that Bloch's Affidavit is consistent with his prior disclosed opinions and that after his deposition Bloch was able to review, for the first time, crash test videos and a document entitled *Chrysler Airbag Technology in Light Passenger Vehicles 22898*. Defendants cite the Court to *Biechell v. Cedar Point, Inc.*, 747 Fed. 2d 209, 215 (6th Cir. 1984) wherein the Sixth Circuit indicated,

> If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.

Page 1 of 5

*Id*. at 215. Plaintiffs counter that Bloch's Affidavit does not contradict his prior testimony and is thus distinguishable from *Biechele*.

Background Information

In early March of 2005 Defendants' counsel submitted to Plaintiffs' counsel a list of tests conducted by Defendants regarding the design development of the passenger airbag system in the 1998-2001 Dodge Ram Pick-up truck. (Doc. 53, Exhibits 9, 10). On March 18, 2005, Defendants' counsel sent a follow-up letter requesting Plaintiffs to identify any test materials they needed. (Doc. 53, Exhibit 8). On April 7, 2005, 2 days after the primary expert reports were due but prior to the discovery deadline of May 30, 2005, Plaintiffs requested certain test materials from Defendants.

In the Memorandum in Opposition to Defendant's Motion to Strike, Plaintiffs indicate "after the August 28, 2004 report was prepared and after his deposition, Bryon Bloch was able to review crash test videos and a document entitled *Chrysler Airbag Technology and Light Passenger Vechicles dated February 28, 1998.*" (Doc. 55, Page 3). The record indicates that these items were not produced prior to Bloch's report but were provided at his deposition. Plaintiffs' counsel set forth a time line regarding discovery. In that time line they indicate

> In response, first, we want to make it clear on the record that we will make Mr. Bloch available for either a second deposition or a continuation of this deposition, if counsel for Chrysler so desires. It is my understanding that it is Chrysler's preference to close the deposition at this point. I understand that. There were various references to literature that Mr. Bloch indicated to counsel during the deposition that he relied upon or referenced during his responses that may have supported some of his opinions that he did not have with him. . . but there was the statement made by Mr. Bloch on several occasions that in order to either support his opinions or modify

Page 2 of 5

>> his opinions, he needed the information contained in the Chrysler crash test. Those have [now] been provided to us. I have represented to counsel that I am going to immediately forward that information to Mr. Bloch. . .

(Doc. 55, Page 5, citing Bloch depo.). Plaintiffs argue that this discourse places the ball in Defendants' court.

A review of the various submissions by Mr. Bloch attached to his deposition and as exhibits to the Defendants' motion for summary judgment indicates that Mr. Bloch's focus in his reports and at deposition was clearly on the horizontal <u>force</u> of the inflating airbag. Exhibit 2 is Mr. Bloch's report entitled *Preliminary Report on Defective Design of Passenger Airbag System of 1998 Dodge Ram Extended Cab Pick-up Truck* dated August 28, 2004 and is essentially the same report marked as Exhibit 5 to the Bloch deposition and apparently attached to Exhibit 4 (a cover letter) to the Bloch deposition. "The passenger airbag produced a powerful rearward force into Mr. Vanzant's head. . . causing his head to be forcibly hyperflexed rearward. . . ."(Exhibit 5, Pg. 2). Under Defect 1 he reports that Defendants failed to test for heavier adults. Under Defect 2 he states that the "high inflation pressure of the 1998 Dodge Ram pick-up passenger airbag was thus too forceful for the moderate severity in the subject collision in conjunction with the particular airbag systems' other deficiencies, namely its horizontal inflation path for the front face of the instrument panel, and the lack of internal tether straps". (Exhibits 2, 5, Pg. 2). Mr. Bloch opines, under Defect 3, that tether straps could be used inside an airbag to help shape the inflating bag and reduce the distance the airbag inflates from its stowed position. In Defect 4, he indicates, "when a passenger airbag is mounted in the front face of the dash panel or instrument panel, its inflation path is horizontal directly at the seated

passenger. With a single high pressure inflation, the force of such horizontally inflating airbag (without internal tether straps to help control the airbag shape and excursion distance) can cause severe injuries". (Exhibits 2, 5, Pg.4). Further in the report he requests that all Dodge Ram Pick-up Truck crash tests, photos and movies (videos) be made available for his detailed examination. (Exhibit 2, Pg. 5). In his April 4, 2005, submission, (Bloch depo, Exhibit 4) he indicates that the materials recently provided by Chrysler (prior to his deposition) do not prompt him to amend or modify his original findings. Therefore, the Court assumes that all of these documents, as depicted by the exhibit markers, were produced at or prior to the deposition of Mr. Bloch which occurred on April 28, 2005 and were available to him but for the test video documents discussed by Plaintiffs' counsel on the record at the conclusion of the Bloch's deposition.

<u>Anaylsis</u>

While it is clear to the Court that Bloch's focus was on the high inflation pressure, he also discusses alternate theories including tether straps, inflation direction and occupant weight. His wide ranging opinions allow for the wiggle room described as a broken field running in Defendant's Motion.

It is noted that in the preliminary report supplied by Mr. Bloch that a paragraph captioned *The Need for Daimler Chrysler's Crash Test Reports, Photos and Movies and Other Reports that Discuss Airbag Design Inquiries* leaves open a discovery loop hole which should have been closed prior to the filing of the Motion for Summary Judgment As recounted earlier, Plaintiff was provided the supplemental materials at Bloch's deposition, thirty days prior to the close of discovery. Pursuant to Rule 26(e)(1) a party is under a duty to timely disclose "any additions or other changes of information" in a timely

fashion. This did not occur in this case. The Court is troubled that the deponent did not notify the Defendants of the refraction of his earlier opinion prior to the discovery deadline of May 30, 2005. Plaintiffs' expert should have submitted a supplemental report, allowing a continuation of his deposition, if necessary, prior to the close of discovery. Although Plaintiffs' counsel agreed to a continuation of the deposition, Defendants would have no reason to redepose Bloch unless they were seasonably notified of the expert's amended opinion.

Based upon the foregoing the Court sustains, in part, and denies, in part, Defendants' Motion to Strike the Affidavit of Bryon Bloch (Doc. 58) as follows: Paragraphs 9, 10 and 11 (as it pertains to "Scenario Two") are stricken as Mr. Bloch's theories were not disclosed in his prior reports, deposition testimony or any supplementation prior to the close of discovery. The remaining paragraphs of the Affidavit will not be stricken as the Defendants had notice of these opinions from Bloch's preliminary report and/or his deposition.

**IT IS SO ORDERED**.

                                              s/Michael R. Barrett
                                              Michael R. Barrett, Judge
                                              United States District Court